1998 OK CR 1

Hung Thanh LE, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. PC–97–722.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1998.

Michelle Bauer, Bryan Lester Dupler, Oklahoma Indigent Defense System, Norman, for petitioner on appeal.

## ORDER DENYING APPLICATION FOR POST-CONVICTION RELIEF AND APPLICATION FOR EVIDENTIARY HEARING

CHAPEL, Presiding Judge:

¶1 Hung Thanh Le was tried by jury before the Honorable Nancy Coats in the District Court of Oklahoma County. In Case No. CF–92–6838 he was convicted of First Degree Malice Aforethought Murder in violation of 21 O.S.1991, § 701.7; Robbery with a Dangerous Weapon in violation of 21 O.S.1991, § 801; Assault and Battery with Intent to Kill in violation of 21 O.S.1991, § 652, Larceny of a Motor Vehicle in violation of 21 O.S.1991, § 1720; and Grand Larceny in violation of 21 O.S.1991, § 1704. At the conclusion of the first stage of trial, the jury returned a verdict of guilty. During sentencing, the jury found 1) Le knowingly created a great risk of death to more than

one person; and 2) the murder was especially heinous, atrocious, or cruel. Le was sentenced to death for the murder conviction and to a total of 124 years incarceration for the non-capital crimes. Le appealed his judgments and sentences to this Court and we affirmed.[1] The United States Supreme Court has not yet ruled on Le's petition for certiorari.[2]

¶2 On August 19, 1997, Le filed an Application for Post–Conviction Relief directly with this Court. Under Oklahoma's post-conviction statutes, the only issues that can be raised in post-conviction are those which: "(1) [w]ere not or could not have been raised in a direct appeal; and (2) [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent."[3] On review, this Court must determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist; (2) whether the applicant's grounds were or could have been previously raised; and (3) whether relief may be granted...."[4] The Post–Conviction Procedure Act is not intended to provide a second appeal.[5] This Court will consider neither issues which were raised on direct appeal and are barred by *res judicata*, nor issues which have been waived because they could have been, but were not, raised on direct appeal.[6]

¶3 In Proposition I Le challenges the constitutionality of the legislative amendments to the capital post-conviction statute.[7] Le claims that, in amending the statute, the legislature violated the principle of separation of powers, the right of access to the courts, the supremacy clause, and his right to due process of law. Le begins by attacking this Court's decision in *Walker v. State*,[8]

which explained the three-tiered procedural scheme for analyzing claims of ineffective assistance of appellate counsel contained in the statute. Le suggests the Court return to the *Strickland* standard for ineffective assistance of counsel in the context of ineffective assistance of appellate counsel in capital post-conviction cases. We must decline this invitation as we are bound by the clear language of the capital post-conviction statute.

¶4 Le correctly describes the post-conviction statute as a law limiting and defining the type of claim which may be presented and considered on post-conviction. However, that limitation neither usurps nor diminishes this Court's authority and responsibility to exercise independent judgment on the merits of constitutional claims in post-conviction proceedings. As Le admits, Oklahoma is not obliged to provide capital post-conviction procedures.[9] The Legislature has afforded this statutory protection to capital defendants, and may limit the scope of the procedures to ensure finality of judgment. Without the statute, this Court would have no jurisdiction at all in capital post-conviction cases. The fact that the statute is limited in scope does not limit this Court's ability to judge the merits of the claims which are appropriate under the statute: limitation of jurisdiction does not equal limitation of judgment.

¶5 Le also claims in Proposition I that the Legislature's "abridgment" of this Court's jurisdiction violates various constitutional limitations. As this Court fully retains the ability to judge the merits of propositions appropriately raised, these claims must fail. Le first argues the statute does not afford him the reasonably adequate opportunity to present his claims. The use of the three-

---

1. *Le v. State,* 947 P.2d 535 (Okl.Cr.1997).

2. *Le v. Oklahoma,* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——.

3. 22 O.S.Supp.1995, § 1089(C).

4. 22 O.S.Supp.1995, § 1089(D)(4)(a).

5. *Cannon v. State,* 933 P.2d 926, 928 (Okl.Cr. 1997); *Fowler v. State,* 896 P.2d 566, 569 (Okl. Cr.1995).

6. 21 O.S.Supp.1995, § 1089(C); *Hooker v. State,* 934 P.2d 352, 354 (Okl.Cr.1997); *Moore v. State,* 889 P.2d 1253, 1255–56 (Okl.Cr.), *cert. denied,* 516 U.S. 881, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Fowler,* 896 P.2d at 569.

7. 22 O.S.Supp.1995, § 1089.

8. 933 P.2d 327 (Okl.Cr.1997).

9. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

tiered procedural scheme does not in itself deny Le a reasonably adequate opportunity to present claims; it merely limits the scope of the claims he may present. Le again claims the statute has usurped this Court's obligation and authority to address capital post-conviction claims; as we discuss above, the statute does not limit this Court's ability to consider appropriately raised claims. Le argues the statute violates the Supremacy Clause,[10] but nothing in the statute contradicts the requirement that this Court is bound by the Constitution as the supreme law of the land, and this Court has not allowed the post-conviction statutes to preclude us from deferring to the Constitution in individual cases. Finally, Le argues that the three-tiered procedural scheme for analyzing ineffective assistance of appellate counsel is unconstitutionally vague. Le quotes Judge Lumpkin's separate opinion in *Walker*, where he notes the language of the statute itself is vague at best and utterly confusing at worst.[11] While the statute may be difficult to follow, *Walker* painstakingly set forth the three-tiered scheme in language neither vague nor confusing. Le suggests only that *Strickland* provides the better standard and speculates that the *Walker* scheme may result in confusion. This Court must reject Le's repeated suggestion that the test would be easier if we returned to the *Strickland* standard; the language of the statute forbids that course. The statutory procedure as set forth in *Walker* allows counsel to plead with specificity instances of ineffective assistance of counsel. The procedure is not vague.[12]

¶ 6   In summary, the Legislature has neither usurped this Court's ability and authority to address post-conviction claims, nor prevented the Court from following the United States Constitution as the supreme law of the land. The post-conviction statutes do not deny Le the right of access to the courts. Finally, the three-tiered procedural scheme for analyzing ineffective assistance of appellate counsel is not unconstitutionally vague. Proposition I is denied.

¶ 7   In Propositions II, III, IV and V Le attempts to avoid application of the procedural bars contained in Oklahoma's capital post-conviction statute by raising "free-standing federal constitutionally-based" claims of error, asserting specific complaints of ineffective assistance of trial counsel under the Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Le appears to recognize that these claims would be barred under the post-conviction statute, because he admits the claims "cannot be addressed in a post-conviction proceeding pursuant to the current interpretation of § 1089." [Application at 35] He does not raise these claims as propositions of error under the statute at all, and we do not analyze them under the statute.

¶ 8   As we have recently stated, this Court has jurisdiction to consider and, indeed, must consider all constitutionally-based claims of error.[13] Le certainly has a constitutional right to effective assistance of counsel. Oklahoma law allows Le to raise claims of ineffective assistance of trial counsel at the direct appeal stage, and certain claims of ineffective assistance of trial counsel, as well as claims regarding direct appeal counsel, on post-conviction. However, nothing in the constitution prohibits states from enacting laws respecting finality of judgment. Oklahoma's post-conviction statute honors

---

10.   U.S. Const. art. VI.

11.   *Walker*, 933 P.2d at 341 (Lumpkin, J., concurring in results).

12.   Moreover, it is my opinion that the three-tiered statutory scheme for evaluating claims of ineffectiveness of appellate counsel which was approved in *Walker* is at least equivalent to that set forth in *Strickland*, which requires a defendant to prove both deficient performance and prejudice. Using the *Walker* standard, a defendant must meet the high burden of proving his attorney's performance was deficient. If he can meet this burden, this Court will then consider

whether he was prejudiced by his attorney's acts or omissions, if the substantive issue is appropriate for post-conviction review. This procedure is essentially the same as *Strickland*. Le apparently misunderstands Judge Lumpkin's view on this issue as set forth in his *Walker* separate writing. Judge Lumpkin indicated that our approach in *Walker* is less difficult to prove than the traditional *Strickland* analysis, making it too easy for post-conviction petitioners to show ineffectiveness of appellate counsel.

13.   *Bryan v. State*, 948 P.2d 1230 (Okl.Cr.1997).

and preserves the legal principle of finality of judgment,[14] by applying procedural bars, in order to ensure capital convictions are final after a full and fair appellate process. State procedural bars may preclude consideration of otherwise cognizable constitutional claims.[15] We will not bypass the statute in order to consider federal constitutionally-based claims barred by procedural default. Propositions II, III, IV, and V are denied.[16]

¶ 9 Le raises claims of ineffective assistance of appellate counsel in Propositions VI, VII and VIII. A claim of ineffective assistance of appellate counsel is properly before us if the Court finds that if the allegations of ineffectiveness were true, the performance of appellate counsel would constitute the denial of reasonably competent assistance of appellate counsel under prevailing professional norms.[17] Using a three-tiered procedural scheme, we determine first whether a petitioner has established counsel's conduct was deficient under prevailing professional norms.[18] If we so determine, we will consider the substantive claim allegedly mishandled by appellate counsel, providing that claim is otherwise appropriate for post-conviction review.[19]

¶ 10 In Proposition VI Le claims direct appeal counsel was ineffective for failing to obtain a psychological evaluation by a mental health professional appropriately experienced in dealing with Asian refugees. Le has provided this Court with an affidavit from Dr. Reynolds, who admits that when he evaluated Le he had no experience in evaluating Asian refugees. The record supports Le's contention that counsel failed to have Le evaluated by an expert familiar with Asian refugees, and the first prong of *Walker* is met. However, Le fails to plead facts or law showing why counsel's omission amounts to

deficient performance, arguing merely that a different mental health examination would have resulted in a different evaluation, and implying that counsel might have been able to raise different issues on appeal. Le does not show why counsel's decision was ineffective; nor does he establish that counsel breached any duties owed him, or that counsel's judgment was unreasonable under the circumstances or did not fall within the wide range of professional assistance.[20] Le has failed to show appellate counsel's performance was ineffective and his substantive claim remains barred. This proposition is denied.

¶ 11 In Proposition VII Le claims counsel was ineffective for failing to challenge the sentencing instructions. Le admits that counsel challenged some instructions, and to that extent this proposition is barred by *res judicata*. Le claims counsel was ineffective because he did not raise all available challenges to the instructions. However, Le does not establish that counsel's actions were ineffective. Rather than plead facts or law to show why counsel's omission was deficient Le discusses the substantive merits of the claims and contends that counsel was ineffective because he omitted arguably meritorious claims of error. As this Court has often said, such conclusory allegations standing alone will not support a claim of deficient performance.[21] Le has not established that counsel's failure to challenge sentencing instructions was deficient, and his substantive claim remains barred. This proposition is denied.

¶ 12 In Proposition VIII Le claims counsel was ineffective for failing to challenge the court's instruction on life without parole. Appellate counsel failed to raise this issue, and the first prong of *Walker* is

14. *Walker*, 933 P.2d at 331.

15. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

16. Proposition VI also includes a "free-standing" federal claim. That claim is also denied.

17. 22 O.S.Supp.1995, § 1089(D)(4)(b)(2).

18. *Walker*, 933 P.2d at 333–34.

19. *Mitchell v. State*, 934 P.2d 346, 349 (Okl.Cr. 1997); *Walker*, 933 P.2d at 333.

20. *LaFevers v. State*, 934 P.2d 356, 359 (Okl.Cr. 1997).

21. *See, e.g., Mitchell*, 934 P.2d at 350; *Walker*, 933 P.2d at 336.

met. However, Le fails to present any facts showing why this omission constituted deficient performance beyond arguing the substantive merits of the claim. Mere failure to raise a claim will not constitute deficient performance. Le has not shown counsel's performance was ineffective and the substantive claim remains barred. Le argues in the alternative that *Simmons v. South Carolina* [22] constitutes an intervening change in the law. On the contrary. *Simmons* was decided in 1994, and Le admits counsel was aware of *Simmons* when he filed the brief in chief. *Simmons* thus cannot be considered an intervening change in the law in this case.[23] Le has not shown appellate counsel was ineffective in failing to challenge the instruction on life without parole, and *Simmons* does not operate as an intervening change in law. This proposition is denied.

¶ 13 In Propositions IX and X Le seems to confuse his proceedings on direct appeal with his application for post-conviction. We recognize the difficulty in separating these proceedings when the application for post-conviction relief must be filed before the direct appeal is decided. However, this system does not provide an opportunity for Le to reassert or amend, in his application for post-conviction, propositions of error raised in his direct appeal brief. In Proposition IX Le argues this Court should grant his claim of error in Proposition XVII of his direct appeal due to an intervening change in the law. Considering solely that portion of the claim which goes to post-conviction, we find there has been no intervening change in law under the narrow terms of the statute.[24] In Proposition X Le complains of "systematic tolerance" of prosecuto-

rial misconduct through the use of harmless error analysis, claiming such analysis as it may be applied to Le violates his rights to a fair and impartial trial and to be free from arbitrary and capricious imposition of the death sentence. Here Le appears to complain about this Court's projected method of analysis. Insofar as it repeats arguments of prosecutorial misconduct raised in Proposition VII on direct appeal, this proposition is barred by *res judicata*. Considered under the post-conviction statutes, this proposition does not meet the threshold requirements that a claim (1) was not and could not have been raised on direct appeal; and (2) supports a conclusion that the outcome of the trial would have been different or that Le is factually innocent.[25] Propositions IX and X are denied.

¶ 14 In Proposition XI Le urges this Court to adopt the American Bar Association recommendation of a moratorium on executions. This proposition is not properly raised under the post-conviction statute and we do not consider it.

¶ 15 In Proposition XII Le claims accumulated error on direct appeal and in post-conviction entitles him to relief. Le's claim of accumulated error on direct appeal is not properly raised on post-conviction and we do not consider it. Proposition I is denied; Propositions II, III, IV and V do not raise claims of error under the post-conviction statute and their federal constitutional claims are denied; Propositions VI, VII and VIII are denied; Propositions IX and X, as far as they are not barred, are denied; and Proposition XI is not considered. Finding no error, this proposition is denied.

---

**22.** 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994).

**23.** This Court has ruled that *Simmons* is not a new rule of law for purposes of post-conviction. *Neill v. State*, 943 P.2d 145, 150 (Okl.Cr.1997); *McGregor v. State*, 935 P.2d 332, 334 n. 10 (Okl. Cr.1997). The Supreme Court recently ruled that *Simmons* did constitute a new rule for purposes of federal habeas corpus. *O'Dell v. Netherland*, —— U.S. ——, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997).

**24.** The statute provides a claim may have been previously unavailable if the legal basis (1) was not recognized by or could not have been formu-

lated from a decision of the United States Supreme Court, a United States court of appeals, or an Oklahoma appellate court; or (2) is a retroactive new rule of constitutional law contained in a decision of the United States Supreme Court or an Oklahoma appellate court. 22 O.S.Supp. 1995, § 1089(D)(9)(a), (b). Le cites as intervening a decision from the United States District Court for the Northern District of Oklahoma. This decision is not binding on this Court and is not an "intervening" change in law under § 1089.

**25.** 22 O.S.Supp.1995, § 1089(C)(1), (2).

¶ 16 In Proposition XIII Le requests an evidentiary hearing regarding issues of effective assistance of appellate counsel raised by *Walker.* He argues that, to the extent any of his post-conviction claims may be procedurally barred due to appellate counsel's failure to raise the claim, the Court should grant him an evidentiary hearing on the issues of (1) the adequacy of appellate counsel's investigation; (2) the adequacy of direct appeal counsel's resources for appellate investigation at the time of his direct appeal; and (3) the extent to which this Court's rules and procedures at the time of his direct appeal (a) apprised appellate counsel that he had to investigate those claims in order to avoid a procedural bar, and (b) allowed counsel to present the results of such investigation during direct appeal proceedings. Essentially, Le wants an evidentiary hearing to determine the effects on his case of a procedural change in the law. This is not an appropriate issue for an evidentiary hearing.[26] Proposition XIII is denied.

¶ 17 We have carefully reviewed Le's applications for post-conviction relief and an evidentiary hearing, and find that Le is not entitled to relief. The Application for Post–Conviction Relief and Application for an Evidentiary Hearing are **DENIED.**

STRUBHAR, V.P.J., and JOHNSON, J., concur.

LUMPKIN and LANE, JJ., concur in result.

LUMPKIN, Judge, concurring in results.

¶ 1 I concur, based on *stare decises,* in the discussion dealing with ineffective assistance of counsel. See *Walker v. State,* 933 P.2d 327, 341–344 (Okl.Cr.1997)(Lumpkin, J.: Concur in Results).

¶ 2 I have reviewed Petitioner's application, together with the argument and authority provided. In accordance with the criteria set out in *Braun v. State,* 937 P.2d 505, 511–514 (Okl.Cr.1997), I concur with the Court's decision that counsel's performance was not deficient and the underlying substantive claims sought to be raised by petitioner are procedurally barred.

¶ 3 In addition, it should be noted the criteria set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

LANE, Judge, concurring in results.

¶ 1 I concur in results by reason of *stare decisis.* I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State,* 942 P.2d 229, 234–35 (Okl.Cr.1997).

---

26. Rule 9.7(D)(5), 22 O.S.Supp.1996, Ch.18, App., *Rules of the Court of Criminal Appeals.*