1998 OK CR 44

**Kenneth Eugene TURRENTINE,
Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–97–654.**

Court of Criminal Appeals of Oklahoma.

July 17, 1998.

Terri L. Marroquin, Alexandra B. Fenster-er, appearing pro hac vice, Capital Post–Conviction, Oklahoma Indigent Defense System, Norman, for Petitioner on appeal.

No response necessary from the State.

### OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF, EVIDENTIARY HEARING AND DISCOVERY

LUMPKIN, Judge:

¶1 Petitioner Kenneth Eugene Turrentine was convicted of four (4) counts of First Degree Murder (21 O.S.1991, § 701.7), Case No. CF–94–2784, in the District Court of Tulsa County. In Counts I, II, and III the jury found the existence of three (3) aggravating circumstances and recommended the punishment of death. In Count IV, the jury found the existence of two (2) aggravating circumstances and recommended as punishment life imprisonment without the possibility of parole. This Court affirmed the convictions and sentences in *Turrentine v. State,* 1998 OK CR 33, 965 P.2d 955, 69 OBJ 2028 (1998). Petitioner filed his Original Application for Post–Conviction Relief in this Court on August 1, 1997, in accordance with 22 O.S.Supp.1995, § 1089.

¶2 Before considering Petitioner's claims, we must again reiterate the narrow

scope of review available under the amended Post–Conviction Procedure Act. As we have said numerous times,

> the Post–Conviction Procedure Act was neither designed nor intended to provide applicants another direct appeal. *Walker v. State*, 933 P.2d 327, 330 (Okl.Cr.1997) (interpreting Act as amended); *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied*, 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995) (same conclusion under Act before amendments). The Act has always provided petitioners with very limited grounds upon which to base a collateral attack on their judgments. Accordingly, claims which could have been raised in previous appeals but were not are generally waived; and claims raised on direct appeal are *res judicata*. *Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr.1994), *cert. denied*, 516 U.S. 840, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

*Conover v. State*, 942 P.2d 229, 230 (Okl.Cr. 1997). These procedural bars still apply under the amended Act. We have noted the new Act makes it even more difficult for capital post-conviction applicants to avoid procedural bars. *Walker*, 933 P.2d 327, 331 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997). Under 22 O.S.Supp.1995, § 1089(C)(1), only claims which "[w]ere not and could not have been raised" on direct appeal will be considered. A capital post-conviction claim could not have been raised on direct appeal if (1) it is an ineffective assistance of trial or appellate counsel claim which meets the statute's definition of ineffective counsel; or (2) the legal basis of the claim was not recognized or could not have been reasonably formulated from a decision of the United States Supreme Court, a federal appellate court or an appellate court of this State, or is a new rule of constitutional law given retroactive effect by the Supreme Court or an appellate court of this State. 22 O.S.Supp.1995, §§ 1089(D)(4)(b), 1089(D)(9). Should a Petitioner meet this burden, this Court shall consider the claim only if it "[s]upports a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089(C)(2). As we said in *Walker*,

> The amendments to the capital post-conviction review statute reflect the legislature's intent to honor and preserve the legal principle of finality of judgment, and we will narrowly construe these amendments to effectuate that intent. Given the newly refined and limited review afforded capital post-conviction applicants, we must also emphasize the importance of direct appeal as the mechanism for raising all potentially meritorious claims. Because the direct appeal provides appellants their only opportunity to have this Court fully review *all* claims of error which might arguably warrant relief, we urge them to raise all such claims at that juncture.

*Walker*, 933 P.2d at 331 (footnote omitted, emphasis in original). We now turn to Petitioner's claims.

¶ 3 Propositions I, II, and IV were raised in the direct appeal, therefore further consideration is barred by *res judicata*. 22 O.S.Supp.1995, § 1089(C)(1). *See also Smallwood v. State*, 937 P.2d 111, 115, n. 3 (Okl.Cr.1997). In Proposition I, Petitioner asserts prosecutorial misconduct deprived him of a fair trial.[1] In Propositions II and IV, he argues he was denied the effective

---

1. On direct appeal, Petitioner raised the following instances of prosecutorial misconduct: 1) misstatement of law concerning jury instructions on the defense of intoxication, 2) the failure to give proper notice of certain second stage witnesses; 3) the improper introduction of crime scene photographs; 4) conducting a bad-faith examination of defense witness, Dr. Reynolds; 5) arguing facts not in evidence during closing argument as well as improperly playing upon the jury's sympathy for the victims, calling Petitioner a liar and the combined effect of all prosecutorial misconduct in both stages of trial. *Turrentine*, 1998 OK CR 33, ¶¶ 44–64, 965 P.2d 955, 69 OBJ at 2035. To the extent, Petitioner's post-conviction claim challenges instances of prosecutorial misconduct different from those raised on direct appeal, further consideration of the issue on its merits is waived as it could have been raised on direct appeal but was not. The impact of this on Petitioner's claim of ineffective assistance of appellate counsel is discussed herein.

assistance of trial counsel in the guilt and sentencing stages of trial, respectively.

■ ¶ 4 Despite the procedural bar of *res judicata,* a claim of ineffective assistance of trial counsel can be brought for the first time on post-conviction, but only if it requires fact-finding outside of the direct appeal record. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). The statutory phrase "fact-finding outside the direct appeal record" was never meant to negate the principle of waiver. *McGregor v. State,* 935 P.2d 332, 335 (Okl.Cr.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997). This Court may not review post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to the direct appeal attorney and thus either were or could have been used in the direct appeal. *Walker,* 933 P.2d at 332. The mere absence of a claim from the direct appeal record is not sufficient: the claim is still waived if the facts contained in it were available to the direct appeal attorney and could have been raised on direct appeal. *Id.*

¶ 5 In Proposition II, Petitioner contends he was deprived of his rights to due process and his right to counsel by trial counsel's ineffectiveness in investigation, preparation and presentation of his case in the guilt stage of his trial. Petitioner asserts this claim was not and could not have been raised on direct appeal as it relies on evidence outside the trial record and appellate counsel had neither the resources nor knowledge to conduct an extra-record investigation. Specifically, he contends trial counsel was ineffective for failing to request or put on evidence in support of a manslaughter instruction. However, the record shows trial counsel did request a manslaughter instruction and the trial court's refusal to give such an instruction was addressed on direct appeal. This claim does not depend on facts outside the record, therefore it is not properly before us.

¶ 6 Petitioner also contends trial counsel was ineffective for his lack of preparedness, in part, because he failed to object to the last minute endorsement of State's witness Officer Gina Kepler. The issue of the endorsement was raised under a claim of prosecutorial misconduct on direct appeal. We

addressed the issue and found no reversible error. Consideration of this issue under the auspices of ineffective assistance of trial counsel for failing to object to the endorsement of Officer Kepler does not depend on facts outside the record on appeal. Therefore, the claim is not properly before us.

■ ¶ 7 Petitioner further argues trial counsel's lack of preparedness was demonstrated by his admission that he was unclear on the facts, by his misstating facts in a way damaging to Petitioner, and by failing to challenge the State on the facts they allegedly misrepresented, and failing to compare the physical and eye witness statements with what Petitioner claimed occurred. He also asserts trial counsel conceded guilt without Petitioner's consent or waiver, and that counsel failed to challenge the State's motion in limine seeking to exclude certain defense experts from testifying. In Proposition IV, Petitioner argues he was denied effective assistance of trial counsel in the second stage by counsel's failure to investigate, develop, and present mitigation evidence of physical, alcohol, and drug abuse.

¶ 8 The facts upon which these claims in Propositions II and IV are based are contained in the record or could have been available to direct appeal counsel such that the arguments could have been raised in the direct appeal. Because Petitioner's claims of trial counsel ineffectiveness do not turn on facts unavailable at the time of his direct appeal, he has failed to meet the conditions for review of those claims on the merits and therefore review of the claims is barred. *See Scott v. State,* 942 P.2d 755, 760 (Okl.Cr. 1997); *Braun v. State,* 937 P.2d 505, 511 (Okl.Cr.1997).

¶ 9 Propositions III and V are waived as they were not raised on direct appeal but could have been. In Proposition III, Petitioner claims there is a probability that he was not competent to stand trial. He argues that his medical records created a bona fide doubt as to his competency to stand trial, that the county sheriff's office did not turn over all requested jail records, that the prosecution had a duty to disclose all of the county jail records, and that the jail records

would have proven favorable and material to his defense.[2] In *Proposition V* he asserts the trial court improperly excluded evidence of his mental state at the time of the commission of the murders.

¶ 10 Claims of ineffective assistance of appellate counsel are raised in Propositions I, II, III, IV, and V. Essentially, Petitioner argues that to the extent any of the propositions presented in this post-conviction application either (1) could have been raised on direct appeal but were not or (2) were raised in a manner different than that raised by post-conviction counsel, he was denied the effective assistance of appellate counsel.

¶ 11 In *Walker*, we set forth a three-pronged test to review claims of ineffective assistance of appellate counsel.[3] Under this analysis, (1) the threshold inquiry is whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation. If a petitioner establishes appellate counsel actually did the thing supporting the allegation of ineffectiveness, this Court then (2) determines whether the performance was deficient under the first of the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984). If this burden is met, (3) this Court then considers the mishandled substantive claim, asking whether the deficient performance supports a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." *Walker*,

933 P.2d at 333 n. 25 (quoting 22 O.S.Supp. 1995, § 1089(C)(2)).

¶ 12 Applying this analysis to Propositions I, II and IV the first threshold question is not met as appellate counsel raised those issues on appeal. That post-conviction counsel raises the claims in a different posture than that raised on direct appeal is not grounds for reasserting the claims under the guise of ineffective assistance of appellate counsel. The doctrine of *res judicata* does not allow the subdividing of an issue as a vehicle to relitigate at a different stage of the appellate process. Direct appeal counsel competently raised the issues of prosecutorial misconduct and ineffective assistance of trial counsel on direct appeal. Just because post-conviction counsel has the benefit of reviewing appellate counsel's brief on direct appeal, and with the benefit of hindsight, envisions a new method of presenting the arguments is not a legal basis for disregard of the procedural bar. In other words, "post-conviction review does not afford defendants the opportunity to reassert claims in hopes that further argument alone may change the outcome in different proceedings." *Trice v. State*, 912 P.2d 349, 353 (Okl.Cr.1996). *See also Hooks v. State*, 902 P.2d 1120, 1124 (Okl.Cr.1995).

¶ 13 In this case, the claims of prosecutorial misconduct and ineffective assistance of trial counsel, as raised on direct appeal, contained relevant legal arguments supported by pertinent facts and legal authority. This was

---

**2.** Petitioner attempts to have the merits of the issue considered by this Court by arguing that a significant part of the basis of the claim relies on evidence outside the trial record and that appellate counsel was ineffective as she did not have the resources or knowledge to pursue an extra record investigation. We have carefully reviewed this allegation, but are unable to conclude this claim could not have been raised on direct appeal. Information concerning Petitioner's mental health was not limited to records from the county jail, and could have been discovered by appellate counsel. As the basis for this claim does not depend on facts outside the record. Petitioner has failed to show why this claim could not have been raised on direct appeal. Further, Petitioner fails to show any external impediment which precluded counsel from raising it. *Conover v. State*, 942 P.2d at 233.

**3.** I continue to maintain that the *Strickland* test in its entirety, i.e., both prongs of the test, is the

appropriate vehicle with which to review claims of ineffective assistance of appellate counsel. *See Walker*, 933 P.2d at 341 (Lumpkin, J., Concurring in Result). However, I yield to the majority here based on *stare decisis*. Having reviewed Petitioner's application, together with the argument and authority provided, in accordance with the criteria set forth in *Braun v. State*, 937 P.2d 505, 511–514 (Okl.Cr.1997) I find counsel's performance was not deficient and the underlying substantive claim is procedurally barred. In addition, it should be noted the criteria set forth in *Strickland* for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

sufficient to enable the Court to consider the issues. That appellate counsel was not successful in her challenges is not grounds for a finding of ineffectiveness. As appellate counsel's challenges to the prosecutor's misconduct and trial counsel's effectiveness were not deficient, further argument on post-conviction would not render the issue meritorious. *Trice*, 912 P.2d at 353.

¶ 14 As to the issues raised in Propositions III and V, the threshold question is met as the direct appeal record shows these claims were not raised on direct appeal. We therefore turn to the second requirement under the new Act: whether such performance was deficient under the first prong of the *Strickland* test. Under this standard the analysis is whether "counsel's performance was deficient under prevailing professional norms." *Id.*

■ ¶ 15 While appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues. *Walker*, 933 P.2d. at 334. Appellate counsel filed a well written, thoroughly researched brief raising numerous claims at least equally meritorious to those which were omitted and are at issue here. We cannot find that appellate counsel's failure to raise the claims at issue here rendered his performance unreasonable under prevailing professional norms. It has not been shown that appellate counsel breached a duty owed to Petitioner, or that appellate counsel's judgment was "unreasonable under the circumstances or did not fall within the wide range of professional assistance" owed to a client by an attorney. *Walker*, 933 P.2d at 337. Further, Petitioner has failed to show any external impediment which precluded counsel from raising the issues. *Conover*, 942 P.2d at 233. Therefore, as Petitioner has not established that appellate counsel's performance was deficient, his claim of ineffective assistance of appellate counsel has no merit and his substantive claims remain procedurally barred.

¶ 16 In Proposition VI, Petitioner challenges the constitutionality of the recent amendments to the capital post-conviction statute. He argues that such amendments contravene the separation of powers, right of access to the courts, the supremacy clause and his right to due process of law. This Court has previously rejected this argument. *Le v. State*, 953 P.2d 52 (Okl.Cr.1998). We do so again.

¶ 17 In Proposition VII, Petitioner argues the cumulative effect of errors at trial and on appeal created error of constitutional dimensions which deprived him of his rights under the Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Reviewing our resolutions of Petitioner's propositions of error we find that Propositions I, II and IV were each barred in part by *res judicata* and denied in part. Propositions III and V were each barred in part by waiver and denied in part and Proposition VI was denied. Therefore, as we find no cumulative error, Proposition VII is denied. *See Mitchell v. State*, 934 P.2d 346, 351 (Okl.Cr. 1997).

### DECISION

¶ 18 After carefully reviewing Petitioner's Application for post-conviction relief, we conclude (1) there exists no controverted, previously unresolved factual issues material to the legality of Petitioner's confinement; (2) Petitioner could have previously raised collaterally asserted grounds for review; (3) grounds for review which are properly presented have no merit; and (4) the current post-conviction statutes warrant no relief. 22 O.S.Supp.1995, § 1089(D)(4)(a)(1), (2) & (3). Accordingly, Petitioner's Application for Post–Conviction Relief is **DENIED.**

STRUBHAR, V.P.J., and JOHNSON, J., concur.

CHAPEL, P.J., and LANE, J., concur in result.

LANE, Judge, concur in results:

¶ 1 I concur in results by reason of *stare decisis*. I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State*, 1997 OK CR 39 ¶¶ 1–5,

942 P.2d 229, 234–35, (Lane, J., concur in result).