1998 OK CR 58

**Gary Roland WELCH, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

No. PC–97–1486.

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1998.

David Autry, Oklahoma City, OK, for petitioner, on appeal.

No response necessary from the State.

1998 OK CR 57

## OPINION DENYING APPLICATION FOR POST-CONVICTION RELIEF, AND APPLICATION FOR EVIDENTIARY HEARING

LUMPKIN, J.

¶1 Petitioner Gary Roland Welch was convicted of First Degree Murder (21 O.S. 1991, § 701.7), Case No. CRF–94–302, in the District Court of Ottawa County. The jury found the existence of three aggravating circumstances and recommended the punish-

ment of death. This court affirmed the conviction and sentence in *Welch v. State*, 1998 OK CR 54, 968 P.2d 1231. Petitioner filed his Original Application for Post–Conviction Relief in this Court on January 2, 1998, in accordance with 22 O.S.Supp.1995, § 1089.

¶ 2 Before considering Petitioner's claims, we must again reiterate the narrow scope of review available under the amended Post–Conviction Procedure Act. As we have said numerous times,

> the Post–Conviction Procedure Act was neither designed nor intended to provide applicants another direct appeal. *Walker v. State*, 933 P.2d 327, 330 (Okl.Cr.1997) (interpreting Act as amended); *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied*, [514] U.S. [1005], 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995) (same conclusion under Act before amendments). The Act has always provided petitioners with very limited grounds upon which to base a collateral attack on their judgments. Accordingly, claims which could have been raised in previous appeals but were not are generally waived; and claims raised on direct appeal are *res judicata*. *Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr.1994), *cert. denied*, [516] U.S. [840], 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

*Conover v. State*, 942 P.2d 229 (Okl.Cr.1997). These procedural bars still apply under the amended Act. We have noted the new Act makes it even more difficult for capital post-conviction applicants to avoid procedural bars. *Walker v. State*, 933 P.2d 327, 331 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997). Under 22 O.S.Supp.1995, § 1089(C)(1), only claims which "[w]ere not and could not have been raised" on direct appeal will be considered. A capital post-conviction claim could not have been raised on direct appeal if (1) it is an ineffective assistance of trial or appellate counsel claim which meets the statute's definition of ineffective counsel; or (2) the legal basis of the claim was not recognized or could not have been reasonably formulated

from a decision of the United States Supreme Court, a federal appellate court or an appellate court of this State, or is a new rule of constitutional law given retroactive effect by the Supreme Court or an appellate court of this State. 22 O.S.Supp.1995, §§ 1089(D)(4)(b), 1089(D)(9). Should a Petitioner meet this burden, this Court shall consider the claim only if it "[s]upports a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089(C)(2). As we said in *Walker*,

> The amendments to the capital post-conviction review statute reflect the legislature's intent to honor and preserve the legal principle of finality of judgment, and we will narrowly construe these amendments to effectuate that intent. Given the newly refined and limited review afforded capital post-conviction applicants, we must also emphasize the importance of direct appeal as the mechanism for raising all potentially meritorious claims. Because the direct appeal provides appellants their only opportunity to have this Court fully review *all* claims of error which might arguably warrant relief, we urge them to raise all such claims at that juncture.

*Walker*, 933 P.2d at 331 (footnote omitted, emphasis in original). We now turn to Petitioner's claims.

¶ 3 In Proposition I, Petitioner challenges the constitutionality of the recent amendments to the capital post-conviction statute. He argues that such amendments unconstitutionally limit his right of access to the courts, and deny his rights to due process and equal protection of the law. This Court has previously rejected this argument. *Le v. State*, 953 P.2d 52, 54 (Okl.Cr.1998). We do so again.

¶ 4 In Proposition II, Petitioner argues he was denied the effective assistance of trial counsel by counsel's failure to effectively investigate and present available mitigation evidence. The issue of ineffective assistance of counsel was raised and addressed

on direct appeal.[1] Therefore, further consideration of the issue is barred by *res judicata.* 22 O.S.Supp.1995, § 1089(C)(1). *See also Smallwood v. State,* 937 P.2d 111, 115 n. 3 (Okl.Cr.1997).

¶ 5 Despite the procedural bar of *res judicata,* a claim of ineffective assistance of trial counsel can be brought for the first time on post-conviction, but only if it requires fact-finding outside of the direct appeal record. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). The statutory phrase "fact-finding outside the direct appeal record" was never meant to negate the principle of waiver. *McGregor v. State,* 935 P.2d 332, 335 (Okl.Cr.1997). This Court may not review post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to the direct appeal attorney and thus either were or could have been used in the direct appeal. *Walker,* 933 P.2d at 332. The mere absence of a claim from the direct appeal record is not sufficient: the claim is still waived if the facts contained in it were available to the direct appeal attorney and could have been raised on direct appeal. *Id.*

¶ 6 Having reviewed Petitioner's argument and affidavits in support thereof, we find his claim of ineffective assistance of trial counsel does not turn on facts or information unavailable at the time of his direct appeal. Therefore, he has failed to meet the conditions for review of this claim on the merits and therefore review of the claims is barred. *See Scott v. State,* 942 P.2d 755, 760 (Okl.Cr. 1997).

¶ 7 Propositions III[2] and IV[3] were also raised on direct appeal, therefore further consideration is barred by *res judicata.* 22 O.S.Supp.1995, § 1089(C)(1). *See also Smallwood v. State,* 937 P.2d 111, 115 n. 3 (Okl.Cr.1997).

¶ 8 In Proposition V, Petitioner asserts he was denied his constitutional rights to a fair trial when the trial court permitted the introduction of irrelevant evidence of other crimes. Petitioner recognizes this issue was not raised on direct appeal, and argues that such failure is indicative of ineffective assistance of appellate counsel. Consideration of this issue on its merits is waived as it was not raised on direct appeal but could have been. 22 O.S.Supp.1995, § 1089(C)(1). The claim of ineffective assistance of appellate counsel is addressed *inter alia.*

¶ 9 In *Walker,* this Court set forth a three-prong test to review claims of ineffective assistance of appellate counsel.[4] Under

1. On direct appeal, Petitioner argued he was denied the effective assistance of counsel by trial counsel's failure to cross-examine the victim impact witnesses on certain aspects of the victim's character, specifically that he was a convicted drug dealer, and by failing to cross-examine into that same area during the first stage testimony of Detective Pendley and to otherwise bring this evidence before the jury.

2. In Proposition III, Petitioner contends he was denied his right to a reliable sentencing proceeding as the trial court refused his requested instruction on specific mitigating factors. He argues that this error was exacerbated by the conduct of the prosecutor during voir dire who repeatedly asked prospective jurors if a history of alcohol and drug abuse, and a deprived and turbulent background would justify a sentence of less than death if the jurors believed the death penalty was appropriate. The issue of the omission of a jury instruction on specific mitigating factors was raised on direct appeal.

3. In Proposition IV, Petitioner asserts he was denied his rights under the Fifth and Fourteenth Amendments when the prosecutor, in closing argument, made a comment reflecting adversely on his right not to make a statement to authorities following his arrest. Petitioner argues this error was compounded by the fact that during closing argument, the prosecutor made another comment on Petitioner's right of silence following his arrest. The issue of the prosecutor's comment on Petitioner's right to post-arrest silence was raised on direct appeal.

4. I continue to maintain that the *Strickland* test in its entirety, i.e., both prongs of the test, is the appropriate vehicle with which to review claims of ineffective assistance of appellate counsel. *See Walker,* 933 P.2d at 341 (Lumpkin, J., Concurring in Result). However, I yield to the majority here based on *stare decisis.* Having reviewed Petitioner's application, together with the argument and authority provided, in accordance with the criteria set forth in *Braun v. State,* 937 P.2d 505, 511–514 (Okl.Cr.1997) I find counsel's performance was not deficient and the underlying substantive claim is procedurally barred. In addition, it should be noted the criteria set forth in *Strickland* for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

this analysis, (1) the threshold inquiry is whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation. If a petitioner establishes appellate counsel actually did the thing supporting the allegation of ineffectiveness, this Court then (2) determines whether the performance was deficient under the first of the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984). If this burden is met, (3) this Court then considers the mishandled substantive claim, asking whether the deficient performance supports a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." *Walker*, 933 P.2d at 333 n. 23 (quoting 22 O.S.Supp.1995, § 1089(C)(2)).

¶ 10 Applying this analysis to Petitioner's claims of ineffective assistance of appellate counsel raised in Propositions II, III and IV the first threshold question is not met as appellate counsel raised those issues on appeal. That post-conviction counsel raises the claims in a different posture than that raised on direct appeal is not grounds for reasserting the claims under the guise of ineffective assistance of appellate counsel. *Turrentine v. State*, 1998 OK CR 44, 965 P.2d 985. The doctrine of *res judicata* does not allow the subdividing of an issue as a vehicle to relitigate at a different stage of the appellate process. *Id.* Direct appeal counsel competently raised the issues of ineffective assistance of trial counsel, the lack of a jury instruction listing specific mitigating factors and comments on Petitioner's post-arrest silence on direct appeal. "Post-conviction review is neither a second appeal nor an opportunity for [Petitioner] to re-raise or amend propositions of error already raised in the direct appeal." *Hooper v. State*, 957 P.2d 120, 123 (Okl.Cr.1998). In other words, "[p]ost-conviction review does not afford defendants the opportunity to reassert claims in hopes that further argument alone may change the outcome in different proceedings." *Trice v. State*, 912 P.2d 349, 353 (Okl.Cr.1996). *See also Hooks v. State*, 902 P.2d 1120, 1124 (Okl.Cr.1995); *Fowler v. State*, 896 P.2d 566, 570 (Okl.Cr.1995).

¶ 11 In this case, the claims of ineffective assistance of trial counsel, the lack of a jury instruction listing specific mitigating factors and comments on Petitioner's post-arrest silence as raised on direct appeal contained relevant legal arguments supported by pertinent facts and legal authority. This was sufficient to enable this Court to consider the issues. That appellate counsel was not successful in his challenges is not grounds for a finding of ineffectiveness. As appellate counsel's challenges to these issues were not deficient, further argument on post-conviction would not render the issue meritorious. *Trice*, 912 P.2d at 353.

¶ 12 As to the issue raised in Proposition V, the threshold question is met as the direct appeal record shows this claim was not raised on direct appeal. We therefore turn to the second requirement under the new Act: whether such performance was deficient under the first prong of the *Strickland* test. Under this standard the analysis is whether "counsel's performance was deficient under prevailing professional norms." *Turrentine*, 965 P.2d at 990.

¶ 13 While appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues. *Walker*, 933 P.2d at 334. Appellate counsel filed a well written, thoroughly researched brief raising numerous claims at least equally meritorious to those which were omitted and are at issue here. We cannot find that appellate counsel's failure to raise the claims at issue here rendered his performance unreasonable under prevailing professional norms. It has not been shown that appellate counsel breached a duty owed to Petitioner, or that appellate counsel's judgment was "unreasonable under the circumstances or did not fall within the wide range of professional assistance" owed to a client by an attorney. *Walker*, 933 P.2d at 337. Further, Petitioner has failed to show any external impediment which precluded counsel from raising the issues. *Conover*, 942 P.2d at 233. Therefore, as Petitioner has not established that appellate counsel's performance was deficient, his claim of ineffective assistance of

appellate counsel has no merit and his substantive claim remains procedurally barred.

¶ 14 Further, Petitioner has filed an Application for Evidentiary Hearing in accordance with Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1996). He asserts that crucial mitigating evidence regarding his abusive and deprived background was available for introduction in the second stage of trial, but was not pursued by trial counsel. Attached to the Application is a Social History, dated December 12, 1978, and three Special Leave Reports, dated March 9, March 30, and May 3, 1979, from the State of Oklahoma Department of Institutions, Social and Rehabilitative Services. These reports detail Appellant's history before the courts of this State, his abusive home life and plans for future treatment. Appellant requests these documents be made a part of the record and that this Court order an evidentiary hearing with respect to the claims made in Proposition II of the application for post-conviction relief.

¶ 15 The requirements for evidentiary hearings in post-conviction proceedings are set forth in Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1996). Rule 9.7(D)(5) provides:

(5) A request for an evidentiary hearing is commenced by filing an application for an evidentiary hearing, together with affidavits setting out those items alleged to be necessary for disposition of the issue petitioner is advancing. The application for hearing and affidavits submitted by the petitioner shall be cross-referenced to support the statement of specific facts required in the application for post-conviction relief. See Section 1089(C)(2) of Title 22. The application for an evidentiary hearing shall be filed together with the application for post-conviction relief. See Section 1089(D)(2) of Title 22. **The application for hearing and affidavits must contain sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief.** (emphasis added).

¶ 16 Here, Petitioner has not set forth sufficient information to show this Court by clear and convincing evidence the information about his background and trial counsel's failure to pursue such information in second stage has or is likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief. As we discussed in Proposition II, Petitioner's claims of ineffective assistance of trial counsel are procedurally barred. Section 1089(C) provides that only matters which could not have been raised in direct appeal can be raised on post-conviction. *See* 22 O.S.1991, § 1089(C)(1); Rule 9.7(B)(1) and (2), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1996). Further, this Court may not review post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to the direct appeal attorney and thus either were or could have been used in the direct appeal. *Walker,* 933 P.2d at 332. Here, Petitioner admits the background information in question was available to trial counsel at the time of trial. That admitted availability at the time of trial prevents this Court from reviewing a claim of ineffective assistance of trial counsel based upon the failure of trial counsel to utilize that information. Therefore, as Petitioner cannot show that trial counsel's failure to pursue the background material in question is an issue which could not have been raised on direct appeal, then the issue is not relevant to the application for post-conviction relief, and a basic prerequisite for an evidentiary hearing has not been met. Accordingly, Petitioner's request for an **evidentiary hearing is denied.**

## DECISION

¶ 17 After carefully reviewing Petitioner's Application for post-conviction relief, we conclude (1) there exists no controverted, previously unresolved factual issues material to the legality of Petitioner's confinement; (2) Petitioner could have previously raised collaterally asserted grounds for review; (3) grounds for review which are properly pre-

sented have no merit; and (4) the current post-conviction statutes warrant no relief. 22 O.S.Supp.1995, § 1089(D)(4)(a)(1), (2) & (3). Accordingly, Petitioner's Application for Post–Conviction Relief is **DENIED.**

CHAPEL, P.J., STRUBHAR, V.P.J., and JOHNSON, J. concur.

LANE, J., concur in results.

LANE, Judge: concurs in results.

¶ 1  I concur in results by reason of *stare decisis.* I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State,* 1997 OK CR 39 ¶¶ 1–5, 942 P.2d 229, 234–35 (Lane, J., concur in result).