**John Walter CASTRO, Sr., Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC-89-571.**

Court of Criminal Appeals of Oklahoma.

July 16, 1991.

Scott W. Braden, Asst. Appellate Public Defender, Norman, for petitioner.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for respondent.

## OPINION

LANE, Presiding Judge:

John Walter Castro, Sr., Petitioner, is before the Court on an application for post-conviction relief. Petitioner was tried for the felony-murder of Rhonda Pappan, the manager of a fast-food restaurant in Ponca City called Hobo–T's, whom he stabbed to death in the course of robbing the restaurant. Petitioner was sentenced to death in Kay County District Court, Case No. CRF–83–130. This Court affirmed the death sentence in *Castro v. State*, 745 P.2d 394 (Okl. Cr.1987), and denied the petition for rehearing in *Castro v. State*, 749 P.2d 1146 (Okl. Cr.1988), *cert. denied* 485 U.S. 971, 108 S.Ct. 1248, 99 L.Ed.2d 446 (1988). Petitioner is now asking this Court to review the validity of his conviction and sentence for the third time.

■■■ The petitioner raises nine propositions of error. Four (4) of these were raised on direct appeal or petition for rehearing [1] and are therefore barred by *res judicata*. *See Coleman v. State*, 693 P.2d 4 (Okl.Cr.1984), 22 O.S. 1981, § 1086; and four (4) of the propositions could have been raised on direct appeal [2], and are therefore waived. *See Smith v. State*, 546 P.2d 1351 (Okl.Cr.1976), 22 O.S.1981, § 1086. Although we find that the petitioner's two arguments regarding the post-examination competency hearing are waived, we will address them, to explain why they do not raise jurisdictional issues as the petitioner

---

1. Propositions III (unconstitutional denial of funds for expert assistance and competent psychiatric expert), IV (death sentence must be vacated for jury improperly included unsupported aggravating factor "heinous, atrocious and cruel" in determining sentence), VI (reweighing of aggravating factors by Court of Criminal Appeals is unconstitutional), VII (trial court violated federal and state constitutions by ruling pre-sentence report prepared when petitioner had entered plea of guilty, which was later withdrawn, was inadmissible in the second stage of trial and petitioner sought to introduce it as mitigating evidence) were raised on appeal or on petition for rehearing.

2. Propositions I (district court lost jurisdiction by failing to conduct a post-examination competency hearing), II (petitioner was deprived of a fair trial by being tried without a determination of competency), VIII (prosecutor violated Eighth and Fourteenth Amendments of federal constitution by telling jury they were not the sentencers of the petitioner), IX (district court violated Eighth and Fourteenth Amendments of federal constitution by failing to instruct jury there exists a presumption of life in a capital case).

argues. We will also address the petitioner's fifth proposition in which he argues this Court may not reweigh aggravating circumstances in order to affirm a death penalty after one or more of the aggravating circumstances weighed by the jury are determined to be invalid. Although the petitioner has raised this issue previously, the development of the law in this area by the United States Supreme Court in *Clemons v. Mississippi,* 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) warrants our reconsideration.

■ The petitioner does not cite any authority to support his argument that the district court loses jurisdiction of a criminal matter when a question as to a defendant's competency to stand trial is raised. The legislature has provided that when a question as to a defendant's present competency to stand trial is raised, the criminal proceedings *shall be suspended* pending the determination of the competency of the defendant. 22 O.S.1981, § 1175.2(C) (emphasis added). As this Court recently explained in *Kiser v. State,* 782 P.2d 405 (Okl.Cr.1989), the post-examination competency hearing provides the defendant with a procedural safeguard to ensure the due process requirement that he will stand trial only if he is competent to do so. As such it is designed solely for the benefit of the defendant and it may be waived.

■ We reject the petitioner's argument that the district court lost jurisdiction of his case when the post-examination competency hearing was not held, and we find the petitioner waived his arguments related to the post-examination competency hearing by failing to raise them on appeal. *See Jones v. State,* 704 P.2d 1138 (Okl.Cr.1985); *Cartwright v. State,* 708 P.2d 592 (Okl.Cr. 1985).

■ The petitioner raises for the second time the argument that the Court of Criminal Appeals may not reweigh aggravating circumstances after invalidating one of the aggravating circumstances found by the jury. This argument has been rejected squarely by the Supreme Court in *Clemons v. Mississippi,* 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). The petitioner based his argument on the fact that the Supreme Court had at the time he filed his brief granted *certiorari* in *Clemons;* the decision was handed down twelve (12) days after his brief was filed. Following *Clemons* we reject this argument.

We affirm the district court denial of the petitioner's application for post-conviction relief.

LUMPKIN, V.P.J., concurs in result.

BRETT and PARKS, JJ., concur.

JOHNSON, J., recuses.

LUMPKIN, Vice Presiding Judge, concurring in results.

I concur in the results reached by the Court in this case. However, I disagree with the Court's analysis of the issue of determination of present competency pursuant to 22 O.S.1981, § 1175.1 et seq. as the "defense of present sanity". Our jurisprudence recognizes a defense of insanity at the time the offense was committed, but not a defense of "present insanity". *See Miller v. State,* 751 P.2d 733 (Okl.Cr.1988). The provisions of 22 O.S.Supp.1983, § 1161, do address the procedure to be applied if a defendant is found not guilty by reason of insanity at the time of the commission of the crime charged. However, the issue raised by Petitioner in this case was the post-examination competency hearing required by Section 1175.4 to determine his competency at the time of trial to understand the nature of the charges and proceedings brought against him, and be able to effectively and rationally assist in his defense.