1998 OK CR 17

Lewis Eugene GILBERT, Appellant,

v.

STATE of Oklahoma, Appellee.

No. PC–97–1158.

Court of Criminal Appeals of Oklahoma.

March 10, 1998.

Dora Roberts, Capital Post-Conviction Oklahoma Indigent Defense System, Norman, for Petitioner on appeal.

No Response Necessary from the State.

### OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF, EVIDENTIARY HEARING AND DISCOVERY

LUMPKIN, Judge:

¶ 1 Petitioner Lewis Eugene Gilbert was convicted of First Degree Malice Aforethought Murder (Count I) (21 O.S.1991, § 701.7), Kidnapping (Count II) (21 O.S.1991, § 741), and Robbery with Firearms (Count III) (21 O.S.1991, § 801), Case No. CF–94–1125, in the District Court of Cleveland County. In Count I, the jury found the existence of two (2) aggravating circumstances and recommended the punishment of death. In each of Counts II and III, the jury recommended as punishment life imprisonment and fines of ten thousand dollars ($10,000). This court affirmed the convictions and sentences in *Gilbert v. State*, 951 P.2d 98 (Okl.Cr.1997). Petitioner filed his Original Application for Post–Conviction Relief in this Court on October 27, 1997, in accordance with 22 O.S.Supp.1995, § 1089.

¶ 2 Before considering Petitioner's claims, we must again reiterate the narrow scope of review available under the amended Post–Conviction Procedure Act. As we have said numerous times,

the Post–Conviction Procedure Act was neither designed nor intended to provide applicants another direct appeal. *Walker v. State*, 933 P.2d 327, 330 (Okl.Cr.1997) (interpreting Act as amended); *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied*, 514 U.S. 1005, 115 S.Ct. 1318, 131

L.Ed.2d 199 (1995) (same conclusion under Act before amendments). The Act has always provided petitioners with very limited grounds upon which to base a collateral attack on their judgments. Accordingly, claims which could have been raised in previous appeals but were not are generally waived; and claims raised on direct appeal are *res judicata. Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr.1994), *cert. denied*, 516 U.S. 840, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

*Conover v. State*, 942 P.2d 229 (Okl.Cr.1997). These procedural bars still apply under the amended Act. We have noted the new Act makes it even more difficult for capital post-conviction applicants to avoid procedural bars. *Walker v. State*, 933 P.2d 327, 331 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997). Under 22 O.S.Supp.1995, § 1089(C)(1), only claims which "[w]ere not and could not have been raised" on direct appeal will be considered. A capital post-conviction claim could not have been raised on direct appeal if (1) it is an ineffective assistance of trial or appellate counsel claim which meets the statute's definition of ineffective counsel; or (2) the legal basis of the claim was not recognized or could not have been reasonably formulated from a decision of the United States Supreme Court, a federal appellate court or an appellate court of this State, or is a new rule of constitutional law given retroactive effect by the Supreme Court or an appellate court of this State. 22 O.S.Supp.1995, §§ 1089(D)(4)(b), 1089(D)(9). Should a Petitioner meet this burden, this Court shall consider the claim only if it "[s]upports a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent."

22 O.S.Supp.1995, § 1089(C)(2). As we said in *Walker*,

> The amendments to the capital post-conviction review statute reflect the legislature's intent to honor and preserve the legal principle of finality of judgment, and we will narrowly construe these amendments to effectuate that intent. Given the newly refined and limited review afforded capital post-conviction applicants, we must also emphasize the importance of direct appeal as the mechanism for raising all potentially meritorious claims. Because the direct appeal provides appellants their only opportunity to have this Court fully review ***all*** claims of error which might arguably warrant relief, we urge them to raise all such claims at that juncture.

*Walker*, 933 P.2d at 331 (footnote omitted, emphasis in original). We now turn to Petitioner's claims.

■　¶ 3  In Proposition I, Petitioner challenges the constitutionality of the recent amendments to the capital post-conviction statute. He argues that such amendments contravene the separation of powers, right of access to the courts, the supremacy clause and his right to due process of law. This Court has previously rejected this argument. *Le v. State*, 953 P.2d 52 (Okl.Cr.1998). We do so again.

■　¶ 4  In Proposition II, Petitioner contends he was denied the effective assistance of appellate counsel by counsel's failure to challenge the constitutionality of the jury instruction on the sentencing option of life without parole. Petitioner further asserts that *Simmons v. South Carolina*, 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994) is an intervening change in the law which warrants review of the error on post-conviction.

■　¶ 5  In *Walker*, this Court set forth a three-prong test to review claims of ineffective assistance of appellate counsel.[1]  Under

---

**1.**  I continue to maintain that the *Strickland* test in its entirety, i.e., both prongs of the test, is the appropriate vehicle with which to review claims of ineffective assistance of appellate counsel. *See Walker*, 933 P.2d at 341 (Lumpkin, J., Concurring in Result). However, I yield to the majority here based on *stare decisis*. Having reviewed Petitioner's application, together with the argu-

ment and authority provided, in accordance with the criteria set forth in *Braun v. State*, 937 P.2d 505, 511–514 (Okl.Cr.1997) I find counsel's performance was not deficient and the underlying substantive claim is procedurally barred. In addition, it should be noted the criteria set forth in *Strickland* for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fret-*

this analysis, (1) the threshold inquiry is whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation. If a petitioner establishes appellate counsel actually did the thing supporting the allegation of ineffectiveness, this Court then (2) determines whether the performance was deficient under the first of the two-pronged test in *Strickland v. Washington,* 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984). If this burden is met, (3) this Court then considers the mishandled substantive claim, asking whether the deficient performance supports a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." *Walker,* 933 P.2d at 333 n. 23 (quoting 22 O.S.Supp.1995, § 1089(C)(2)).

¶ 6 Under this analysis, the first threshold question has been met as the record shows appellate counsel did not raise this claim on direct appeal. We therefore turn to the second requirement under the new Act: whether such performance was deficient under the first prong of the *Strickland* test. Under this standard the analysis is whether "counsel's performance was deficient under prevailing professional norms." *Id.*

¶ 7 While appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues. *Id.* at 334. Appellate counsel filed a well written, thoroughly researched brief raising numerous claims, including several challenges to the death sentence, at least equally meritorious to the claim which was omitted and is at issue here. Mere failure to raise a claim will not constitute deficient performance.

¶ 8 Further, *Simmons v. South Carolina* is not an intervening change in the law as it was a recognized legal principle at the time of the direct appeal.[2] *See Le,* 953 P.2d at 57. *See also Neill v. State,* 943 P.2d 145, 149–150 (Okl.Cr.1997). Petitioner even admits appellate counsel could have raised the issue on

direct appeal. However, the failure to do so is not indicative of ineffective assistance as this Court has repeatedly denied the applicability of *Simmons* to our statutory capital sentencing procedures. *Hain v. State,* 919 P.2d 1130, 1145 (Okl.Cr.), *cert. denied,* — U.S. —, 117 S.Ct. 588, 136 L.Ed.2d 517 (1996); *Trice v. State,* 912 P.2d 349, 351–352 (Okl.Cr.1996); *Mayes v. State,* 887 P.2d 1288, 1317–1318 (Okl.Cr.1994), *cert. denied,* 513 U.S. 1194, 115 S.Ct. 1260, 131 L.Ed.2d 140 (1995). Therefore, Petitioner has failed to show appellate counsel's omission of the claim from the direct appeal was unreasonable under prevailing professional norms. As Petitioner has not established that appellate counsel's performance was deficient and as *Simmons* is not an intervening change in the law, his claim of ineffective assistance of appellate counsel is denied.

¶ 9 In Proposition III, Petitioner contends this Court should reconsider its affirmance of the "continuing threat" aggravator on direct appeal based upon the holding in *Williamson v. Reynolds,* 904 F.Supp. 1529, 1571 (E.D.Okl.1995). Petitioner admits that constitutional and evidentiary challenges to this aggravator were raised on direct appeal, but argues this Court should adopt the United States District Court's conclusion that the aggravator is unconstitutional. Petitioner has failed to recognize that the Tenth Circuit Court of Appeals did not adopt the District Court's conclusions, and instead upheld the constitutional validity of the aggravator. *Williamson v. Ward,* 110 F.3d 1508 (10thCir.1997). Therefore, we decline Petitioner's offer to reconsider our position and this proposition is denied.

¶ 10 In his fourth proposition of error, Petitioner asserts the "continuing threat" aggravator is unconstitutionally vague, that unadjudicated acts were impermissibly offered to support it, and that the evidence was insufficient to support the jury's finding of the aggravator.

*well,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

2. *Simmons* was decided in 1994, Petitioner's direct appeal was filed in 1997.

■ ¶ 11 The constitutionality of the "continuing threat" aggravator was addressed on direct appeal. So too, was the sufficiency of the evidence supporting the aggravator and the use of unadjudicated offenses to support the aggravator. To the extent these claims are raised again on post-conviction further review is barred by *res judicata*. To the extent the argument on post-conviction differs from that on direct appeal, the claim is waived as it could have been raised but was not. The doctrine of *res judicata* does not allow the subdividing of an issue as a vehicle to relitigate it at a different stage of the appellate process. Direct appeal counsel competently raised the issue on direct appeal. Just because post-conviction counsel has the benefit of this Court's opinion on direct appeal, and with the benefit of hindsight, envisions a new method of presenting the argument, a legal basis for disregarding the procedural bar has not been provided. In other words, "post-conviction review does not afford defendants the opportunity to reassert claims in hopes that further argument alone may change the outcome in different proceedings." *Trice*, 912 P.2d at 353. *See also Hooks v. State*, 902 P.2d 1120, 1124 (Okl.Cr.1995); *cert. denied*, 517 U.S. 1145, 116 S.Ct. 1440, 134 L.Ed.2d 561 (1996); *Fowler v. State*, 896 P.2d 566, 570 (Okl.Cr.1995). Accordingly, Proposition IV is denied.

■ ¶ 12 In Proposition V, Petitioner urges this Court to adopt the recommendation of the American Bar Association and impose a moratorium on executions. This proposition is not properly raised under the Post–Conviction statute and we do not consider it. *Le*, 953 P.2d at 57; *Bryan v. State*, 948 P.2d 1230, 1234 (Okl.Cr.1997).

■ ¶ 13 In Proposition VI, Petitioner asserts the cumulative impact of errors identified on direct appeal and post-conviction proceedings rendered the proceedings resulting in the death sentence arbitrary, capricious, and unreliable. His claim of accumulated error on direct appeal is not properly raised on post-conviction and we do not consider it. *Le*, 69 OBJ at 149. As for his argument of cumulative error on post-conviction review, we do not consider it as we find no cumulative error exists. Propositions I, II, VII are denied, Propositions III and IV are procedurally barred in part by *res judicata* and in part by waiver, and Propositions V and VIII are not properly raised on post-conviction. Therefore, this claim of cumulative error is denied.

■ ¶ 14 In Proposition VII, Petitioner argues that to the extent any claim in this post-conviction review is deemed procedurally barred due to the failure of appellate counsel to raise the issue on direct appeal or the availability of extra record factual material supporting the claim at the time of the direct appeal, the court should permit a full and fair evidentiary hearing on the issues of 1) adequacy of direct appeal counsel's extra-record investigation; 2) adequacy of resources for such an investigation at the time of the direct appeal; 3) the extent to which the rules and procedures of this Court at the time of the direct appeal were adequate to a) apprise direct appeal counsel of the necessity of extra-record investigation to avoid procedural default of claims; and b) the availability of procedures which would permit the presentation of extra-record evidence in connection with direct appeal proceedings. Essentially, Petitioner wants an evidentiary hearing to determine the effects on his case of a procedural change in the law.[3] This is

---

3. Petitioner's argument raised the claim of a procedural change in the law. However, he fails to note that at this stage of the appellate process the Court has consistently applied the rules of *res judicata* and waiver, both prior to the 1995 amendment of the Death Post–Conviction Relief statutes and since its enactment. *See Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991); *Cargle v. State*, 947 P.2d 584 (Okl.Cr.1997). Further, in the argument and authorities section of Proposition VII, Petitioner asserts that "post-conviction petitioners are apparently **now** to bear the procedural penalties wrought by a fair-

ly persuasive **past** understanding by direct appeal attorneys that **extra record** materials, and investigation which might produce such materials, were not welcome on direct appeal. Such an understanding clearly reflected the law governing direct appeals at the time Mr. Gilbert's counsel filed his brief in the instant case." (Appendix 2, Appendix of Exhibits to Original Application for Post–Conviction Relief and Request for Evidentiary Hearing, pg. 41–42)(emphasis in original). This argument mischaracterizes the practices and procedures of this Court. The

not an appropriate issue for an evidentiary hearing. Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals,*, Title 22, Ch.18, App. (1996). *See also Bryan,* 948 P.2d at 1230. Accordingly, Proposition VII is denied.

¶ 15 Petitioner claims in Proposition VIII that Oklahoma's clemency scheme, as currently applied, denies death sentenced petitioners due process. This proposition is not properly raised under the Post–Conviction statute and we do not consider it. 22 O.S.Supp.1995, § 1089. *See also Douglas v. State,* 953 P.2d 349 (Okl.Cr.1998).

¶ 16 Further, Petitioner requests an evidentiary hearing based on the allegations raised in this application. A post-conviction applicant is not entitled to an evidentiary hearing unless "the application for a hearing and affidavits contain sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief." Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1996). Petitioner has failed to so demonstrate. Therefore, his requests for an evidentiary hearing are denied.

¶ 17 In a final Request for Relief, Petitioner requests this Court to a) require Respondent to file a response to the application, pursuant to 22 O.S.1991, § 1083, specifically admitting or denying the factual allegations of this application; b) permit Petitioner by counsel to file a reply to Respondent's response, responding to any affirmative defenses raised by the response; c) permit Petitioner to utilize the processes of discovery set forth in 12 O.S.1989, § 3224–37, to the extent necessary to fully develop and identify facts supporting this Application and any defenses raised by Respondent's response; d) remand this case for an evidentiary hearing, after appropriate discovery, to resolve any factual disputes raised by Respondent's response; e) permit Petitioner 90 days within which to supplement this Application with affidavits and other materials not available to Petitioner at the time the Application was filed; f) permit Petitioner to amend this Application at any time prior to entry of judgment, to include any additional allegations, claims or material facts not presently available to him and which become available through investigation, discovery and proceedings on this Application; g) vacate and set aside the judgment and sentence in this case, and resentence him to less than death, or grant a new trial, or modify his death sentence to less than death; h) order Respondent to release Petitioner from custody, unless he is given a new trial, or new proceedings are conducted to cure constitutional defects in the trial court proceedings resulting in the death sentence; and i) grant Petitioner such further and additional relief as may be just and equitable.

¶ 18 This Court has the authority to call for a response if we deem it necessary. 22 O.S.Supp.1995, § 1089(D)(3). We find it is not necessary in this case and decline to grant Petitioner's request for a State response. Accordingly, his requests for a reply

vehicle for bringing extra-record materials to the attention of this Court has always been available to appellate counsel. In the cases of newly discovered evidence, 22 O.S.1991, § 952 allows for the supplementation of the record. *See Wilhoit v. State,* 816 P.2d 545, 546 (Okl.Cr.1991) (wherein first degree murder appellant filed with this Court a Motion for New Trial on Newly Discovered Evidence and Motion for Evidentiary Hearing Regarding New Evidence and Regarding Effectiveness of Trial Counsel. As per appellant's request, this Court remanded the case back to District Court to conduct an evidentiary hearing to determine whether appellant should be afforded a new trial based upon the newly discovered evidence and possible ineffective assistance of counsel. This Court adopted the findings of

fact and conclusions of law of the District Court and reversed and remanded the case for a new trial.) Further, under our Court rules, Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1995), in effect at the time Petitioner filed his direct appeal, allows for supplementation of the record on appeal. Prior to 1996, Rule 3.11 allowed for the supplementation of the record in cases of extreme necessity. While this may appear to be a stringent standard, it did not prevent counsel from presenting facts to this Court sufficient to prove a case of extreme necessity. Appellate counsel's failure to do so, and the resulting decision to raise the issue on post-conviction review is the root of the problem, not the applicability of our rules.

to a State response is rendered moot. As for Petitioner's discovery requests, this Court has never allowed unfettered discovery in post-conviction proceedings, and the new Act does not broaden discovery rights. *Walker,* 933 P.2d at 340. Petitioner has failed to show this Court why additional discovery is necessary. The victim in this case was murdered in September 1994. Petitioner's trial was held in November 1995, his petition in error filed in June 1996 and his direct appeal brief filed January 6, 1997. In excess of two years elapsed from the date Petitioner was arrested to the filing of his direct appeal brief. This period of time was more than sufficient to complete investigation and discovery for both trial and direct appeal. At this stage, Petitioner has the responsibility to present facts, not speculation warranting further discovery. The application for post-conviction relief is a collateral attack on an already determined valid judgment and sentence. He has failed to present us with additional facts which bring into question the validity of the judgment and sentence in this case. Accordingly, his requests for additional discovery are denied

¶ 19 Petitioner's request for an evidentiary hearing is also denied as he has failed to show by clear and convincing evidence that such a hearing has or is likely to have "support in law and fact to be relevant to an allegation raised in the application for post-conviction relief." Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1996). He merely presents allegations which are nothing more than unsupported conclusions. Further, the new Act does not permit supplementation of the application before this Court. 22 O.S.Supp.1995, § 1089(D)(2). Any amendments or supplemental applications shall be treated as subsequent applications. *Id. See Braun v. State,* 937 P.2d 505, 515–516 (Okl. Cr.1997).

### DECISION

¶ 20 After carefully reviewing Petitioner's Application for post-conviction relief and his requests for discovery, evidentiary hearing and other requests, we conclude (1) there exists no controverted, previously unresolved factual issues material to the legality of Petitioner's confinement; (2) Petitioner could have previously raised collaterally asserted grounds for review; (3) grounds for review which are properly presented have no merit; and (4) the current post-conviction statutes warrant no relief. 22 O.S.Supp.1995, § 1089(D)(4)(a)(1), (2) & (3). Accordingly, Petitioner's Application for Post–Conviction Relief and Application for an Evidentiary Hearing and Discovery are **DENIED.**

STRUBHAR, V.P.J., and JOHNSON, J., concur.

CHAPEL, P.J., and LANE, J., concur in result.

