1998 OK CR 63

**Jimmie Ray SLAUGHTER, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–97–156.**

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1998.

---

Lydia M.V. Brandt, Appearing Pro Hac Vice, Jeremy Lowrey, Capital Post–Conviction Oklahoma Indigent Defense System, Norman, for Petitioner on appeal.

W.A. Drew Edmondson, Attorney General, William L. Humes, Assistant Attorney General, Oklahoma City, for Respondent on appeal.

LUMPKIN, Judge:

¶ 1   Petitioner Jimmie Ray Slaughter was convicted of two (2) counts of First Degree Murder (21 O.S.1991, § 701.7) and five (5) counts of Perjury (21 O.S.1991, § 491), Case No. CF–92–82, in the District Court of Oklahoma County.  The jury found the existence of one aggravating circumstance in Count 1 and two aggravating circumstances in Count 2 and recommended the punishment of death.  In Counts 3–7, the perjury counts, Petitioner received sentences of two (2), four (4), five (5), three (3), and one (1) years imprisonment respectively.  This Court affirmed the judgments and sentences in *Slaughter v. State*, 950 P.2d 839 (Okl.Cr. 1997).  Petitioner filed his Original Application for Post–Conviction Relief in this Court on December 1, 1997, in accordance with 22 O.S.Supp.1995, § 1089.

¶ 2   Before considering Petitioner's claims, we must again consider the narrow scope of review available under the amended Post–Conviction Procedure Act.

As we have said numerous times, the Post–Conviction Procedure Act was neither de-signed nor intended to provide applicants another direct appeal.  *Walker v. State*, 933 P.2d 327, 330 (Okl.Cr.1997) (interpreting Act as amended); *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied*, 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995) (same conclusion under Act before amendments).  The Act has always provided petitioners with very limited grounds upon which to base a collateral attack on their judgments.  Accordingly, claims which could have been raised in previous appeals but were not are generally waived; and claims raised on direct appeal are *res judicata*.  *Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr.1994), *cert. denied*, 516 U.S. 840, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

*Conover v. State*, 942 P.2d 229, 230 (Okl.Cr. 1997).  These procedural bars still apply under the amended Act. We have noted the new Act makes it even more difficult for capital post-conviction applicants to avoid procedural bars.  *Walker*, 933 P.2d 327, 331 (Okl.Cr. 1997).   Under   22   O.S.Supp.1995, § 1089(C)(1), the only claims which will be considered on post-conviction are those which "[w]ere not and could not have been raised" on direct appeal and which "[s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." A capital post-conviction claim could not have been raised on direct appeal if (1) it is an ineffective assistance of trial or appellate counsel claim which meets the statute's definition of ineffective counsel; or (2) the legal basis of the claim was not recognized or could not have been reasonably formulated from a decision of the United States Supreme Court, a federal appellate court or an appellate court of this State, or is a new rule of constitutional law given retroactive effect by the Supreme Court or an appellate court of   this   State.   22   O.S.Supp.1995, §§ 1089(D)(4)(b), 1089(D)(9).  Should a petitioner meet this burden, this Court shall consider the claim only if it "[s]upports a conclusion either that the outcome of the trial would have been different but for the errors

or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089(C)(2). As we said in *Walker*,

> The amendments to the capital post-conviction review statute reflect the legislature's intent to honor and preserve the legal principle of finality of judgment, and we will narrowly construe these amendments to effectuate that intent. Given the newly refined and limited review afforded capital post-conviction applicants, we must also emphasize the importance of direct appeal as the mechanism for raising all potentially meritorious claims. Because the direct appeal provides appellants their only opportunity to have this Court fully review all claims of error which might arguably warrant relief, we urge them to raise all such claims at that juncture.

Walker, 933 P.2d at 331 (footnote omitted, emphasis in original). We now turn to Petitioner's claims.

¶3 In Proposition I, Petitioner claims that newly discovered evidence obtained during post-conviction investigation demonstrates that he is factually and legally innocent. Petitioner argues that this claim could not have been raised previously as he did not have notice of many of the facts which form the basis for this claim, that the evidence could not have been discovered by the exercise of due diligence (as crucial evidence was either destroyed or withheld by law enforcement and the prosecution), and there is a reasonable probability that had the evidence been known, the result of the trial would have been different. In its response, the State asserts that the information which Petitioner now claims is newly discovered, was most likely, known by defense counsel at the time of trial and was surely known by the time of the direct appeal.

¶4 In support of his argument, Petitioner asserts that the newly discovered evidence was not available until the civil trial between Dennis Dill and the City of Edmond which occurred one year after the filing of the direct appeal brief. The record shows Dennis Dill was a detective with the Edmond Police Department who participated in the investigation of the Wuertz murders. During the course of his investigation, Detective Dill developed a theory of the case different from that of the prosecutors. Dill theorized that the murders occurred in the early morning hours of July 2, 1991, and not at noon of that same day as theorized by prosecutors. He also believed that further investigation should have been conducted on a suspect named Rick Gullotto. In his lawsuit against the City of Edmond, Dill claimed that his theories concerning the murders troubled those in charge of the investigation because Petitioner had already been designated as the primary suspect. As a result, Dill claimed he was removed from the investigation and later transferred from the detective division to the patrol division in an attempt to isolate him from the investigation and to prevent information he had gained concerning his theories from coming to light.

■ ¶5 In the brief in support of his post-conviction application, Petitioner sets out in detail evidence pertaining to the pretrial investigation, trial and appeal of his criminal case which he claims was not known to defense counsel until Detective Dill's civil trial. Having thoroughly reviewed both Petitioner's brief, and the State's response, the appendices submitted by each, and the entire record, we find the evidence Petitioner claims was newly discovered was either known by defense counsel at the time of appeal or at the least could have been discovered with due diligence.[1] Therefore, the claim of innocence could have been raised on direct appeal. The failure to do so waives further consideration of the claim on its merits.

---

1. In support of this conclusion, we note that on direct appeal, Petitioner claimed the prosecution failed to provide defense counsel with important exculpatory evidence which would have shown the murders could have occurred earlier than theorized by the prosecution. *Slaughter*, 950 P.2d at 847. This Court found the evidence in question was known to the defense at least as early as the preliminary hearing. *Id.* Further, the record in this case reveals very thorough discovery prior to trial. As the State's response to the post-conviction application points out, the defense acknowledged receipt of reports and evidence which revealed the matters which Petitioner now alleges is newly discovered.

¶ 6 Petitioner further argues that to the extent the above issues could have been identified at trial or developed in direct appeal but were not, trial and appellate counsel (who were the same)[2] were ineffective for failing to do so. He asserts that counsel's failure to investigate these issues was a part of the overall ineffectiveness of counsel addressed in Propositions V and VI of his application. The issue of ineffective assistance of counsel is addressed herein.

¶ 7 In Proposition II, Petitioner contends that law enforcement and the prosecution failed to disclose certain crucial evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, Petitioner alleges the following:

1. the original crime scene log was lost by the Edmond Police Department and a reconstructed log given to defense counsel;

2. the multi-page "Dill Report" was lost and an OSBI[3] report (the "Rickey Report") was substituted;

3. a letter and its contents written by Detective Dill to Edmond Police Chief Vetter was concealed;

4. a tape recorded interview of Detective Dill by Prosecutor Richard Wintory was concealed;

5. also concealed was information that a neighbor of Melody Wuertz identified a vehicle similar to that driven by Rick Gulloto outside the Wuertz home in the early morning hours of July 2, 1991 and that Gullotto had no alibi for the early morning hours of July 2, 1991.

¶ 8 As in Proposition I, this claim is based upon the argument that the above information did not come to light until Detective Dill's civil trial, therefore it could not have been raised on direct appeal.

■ ¶ 9 We disagree with Petitioner and find this issue could have been raised on direct appeal. The record shows that defense counsel either knew of or could have known, at the time of the direct appeal, about specific reports written by Detective Dill, his participation or lack thereof in the investigation, and the particulars of Dill's theory of the murders. Dill was endorsed by the State as a witness, was under subpoena by defense counsel to testify at trial, and had contact, via his attorney in the civil lawsuit, with defense counsel concerning the letter written to Chief Vetter. The facts generating the present claim either were or could have been discovered by appellate counsel with the exercise of due diligence and could have been raised on direct appeal. The failure to do so waives further consideration of the issue. Further, to the extent this claim overlaps the *Brady* claim brought on direct appeal, further consideration is barred by *res judicata.* Petitioner's claim of ineffective assistance of counsel for failing to raise this issue previously is addressed herein.

■ ¶ 10 Petitioner contends in Proposition III that he was denied a fair trial and a reliable sentencing proceeding by prosecutorial misconduct. Specifically, he argues the prosecution improperly subjected him to selective prosecution, concealed evidence, disseminated misleading information, and prematurely terminated investigation into and intentionally refused to engage in a valid adversarial examination of other viable suspects. The issue of prosecutorial misconduct was raised on direct appeal. To the extent the post-conviction claims are the same as those raised on direct appeal, further consideration is barred by *res judicata.* 22 O.S.Supp.1995, § 1089(C)(1). *See also Smallwood v. State,* 937 P.2d 111, 115, n. 3 (Okl.Cr.1997). To the extent the claims are different, further consideration is a barred by waiver as the claims could have been raised on direct appeal but were not.

¶ 11 In Proposition IV, Petitioner claims that Oklahoma's post-conviction procedure is unconstitutional, particularly as it relates to ineffective assistance of counsel claims. He urges this Court to overrule *Walker,* declare Section 1089(D)(4)(b)(1) and (2) unconstitu-

**2.** At trial, Petitioner was represented by retained counsel, Patrick Williams, John Coyle and Gloyd McCoy. Mr. Coyle and Mr. McCoy were appointed by the court to represent Petitioner in his direct appeal.

**3.** Oklahoma State Bureau of Investigation.

tional and apply the *Strickland*[4] analysis. This Court has recently rejected attacks on the constitutionality of Oklahoma's amended Post–Conviction Procedure Act, which have included claims of denial of due process, equal protection, adequate and equal access to the courts, and challenges to the analysis of claims of ineffective assistance of counsel. *Darks v. State,* 954 P.2d 169, 173 (Okl.Cr. 1998); *Le v. State,* 953 P.2d 52, 54 (Okl.Cr.), *cert. denied,* — U.S. ——, 118 S.Ct. 2329, 141 L.Ed.2d 702 (1998). We find no need to reconsider the issue and this proposition is denied.

¶ 12 Petitioner claims he was denied the effective assistance of both trial and appellate counsel in Proposition V. The issue of ineffective assistance of counsel was raised and addressed on direct appeal.[5] Therefore, further consideration of the issue is barred by *res judicata.* 22 O.S.Supp.1995, § 1089(C)(1).

¶ 13 Despite the procedural bar of *res judicata,* a claim of ineffective assistance of trial counsel can be brought for the first time on post-conviction, but only if it requires fact-finding outside of the direct appeal record and meets the criteria set out in 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). The statutory phrase "fact-finding outside the direct appeal record" was never meant to negate the principle of waiver. *McGregor v. State,* 935 P.2d 332, 335 (Okl.Cr.) *cert. denied,* 521 U.S. 1108, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997). This Court may not review post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to the direct appeal attorney and thus either were or could have been used in the direct appeal. *Walker,* 933 P.2d at 332. The mere absence of a claim from the direct appeal record is not sufficient: the claim is still waived if the facts contained in it were available to the direct appeal attorney and could have been raised on direct appeal. *Id.*

¶ 14 Petitioner specifically asserts that trial counsel was ineffective for failing to 1) provide a meaningful and adequate opportunity to investigate, develop and present all facts and issues relevant to the constitutionality of Petitioner's conviction and sentence; 2) provide the jury with expert witness testimony, or effective cross-examination of prosecution witnesses that would have refuted the prosecution's theories; 3) probe into juror bias, prejudice and misconduct, resulting in among other things, Petitioner's conviction for uncharged conduct (*i.e.,* abortion as murder); 4) raise timely objections, including an objection to the alleged waiver of attorney/client privilege and demand an *in-camera* hearing; and 5) that counsel breached a duty to Petitioner because of a conflict of interest.

¶ 15 Having reviewed Petitioner's argument and affidavits in support thereof, we find the facts upon which his claims of ineffective assistance of trial counsel are based were contained in the record or could have been available to direct appeal counsel such that the arguments could have been raised in the direct appeal. Because Petitioner's claims of trial counsel ineffectiveness do not turn on facts unknown or unavailable at the time of his direct appeal, he has failed to meet the conditions for review of those claims on the merits and therefore review of the claims is barred. *See Scott v. State,* 942 P.2d 755, 760 (Okl.Cr.1997); *Braun v. State,* 937 P.2d 505, 511 (Okl.Cr.1997).

¶ 16 Petitioner claims appellate counsel was ineffective for failing to: 1) request an evidentiary hearing and investigate, develop, and present all facts and issues relevant to the constitutionality of Petitioner's conviction and sentence; 2) raise valid appellate issues as to a) the inadequacy of voir dire; b) insufficiency of the evidence; c) the trial court's refusal to sever the perjury counts; d) the prejudicial effect created by the perjury counts on the trial of the murder charges; e) the prejudicial effect of the murder counts on the trial of the perjury counts; f) the

4. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

5. On direct appeal Petitioner argued that if any of the propositions set forth in the direct appeal

brief were found waived by this Court, counsel was ineffective for failing to raise the claim. *Slaughter,* 950 P.2d at 862.

conviction for uncharged murder (i.e. abortion as murder); g) the limited waiver of attorney/client privilege; and h) the erroneous jury instruction pertaining to *Tison/Enmund* and *Mills/Newsted* [6] issues; 3) raise valid appellate issues with respect to trial counsel acts more fully described in Propositions I and II; and 4) present a persuasive ineffective assistance of counsel claim because of counsel's inherent conflict of interest, thereby breaching a duty to Petitioner.

¶ 17  In *Walker,* this Court set forth a three-prong test to review claims of ineffective assistance of appellate counsel.[7]  Under this analysis, 1) the threshold inquiry is whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation.  If a petitioner establishes appellate counsel actually did the thing supporting the allegation of ineffectiveness, this Court then 2) determines whether the performance was deficient under the first of the two-pronged test in *Strickland,* 466 U.S. at 677–78, 104 S.Ct. at 2059.  If this burden is met, 3) this Court then considers the mishandled substantive claim, asking whether the deficient performance supports a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." *Walker,* 933 P.2d at 333 n. 25 (quoting 22 O.S.Supp.1995, § 1089(C)(2)).

■ ¶ 18  On direct appeal, appellate counsel raised twenty-three (23) assignments of error.  Included in these allegations were several challenges to jury selection including the trial court's refusal to allow defense counsel to question prospective jurors about their attitudes toward the death penalty in relation to other sentences, and the denial of Petitioner's right to a public trial when portions of *voir dire* were closed to the public.  Appellate counsel also challenged 1) the admission of evidence dealing with the occult, satanism, and Petitioner's prior "bad acts"; 2) the State's ability to argue alternative theories of guilt; 3) the constitutionality of the death penalty; and 4) trial counsel's ineffectiveness for failing to call Detective Dill as a defense witness.  To the extent any of the allegations now raised in this claim of ineffective assistance of appellate counsel were raised on appeal, the first threshold question is not met as appellate counsel did not commit the act giving rise to the claim of ineffective assistance.  The mere fact that appellate counsel was not successful in his challenges is not grounds for a finding of ineffectiveness.

■ ¶ 19  To the extent the arguments now raised on post-conviction are different from those raised on direct appeal, Petitioner has failed to establish deficient performance.  While appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues.  *Walker,* 933 P.2d at 334.  The mere failure to raise even a meritorious claim does not, in itself, constitute deficient performance.  *Mitchell v. State,* 934 P.2d 346, 350 (Okl.Cr.1997), *cert. denied,* 521 U.S. 1108, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997); *Walker,* 933 P.2d at 336–37.  "Post-conviction review is neither a second appeal nor an opportunity for [Petitioner] to re-raise or amend propositions of error already raised in the direct appeal." *Hooper v. State,* 957 P.2d 120, 123 (Okl.Cr.), cert. denied, — U.S. ——, 118 S.Ct. 2353, 141 L.Ed.2d 722 (1998).

---

6.  *Tison v. Arizona,* 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987); *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982); *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988); *Newsted v. State,* 720 P.2d 734 (Okl.Cr.), *cert. denied,* 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986).

7.  I continue to maintain that the Strickland test in its entirety, i.e., both prongs of the test, is the appropriate vehicle with which to review claims of ineffective assistance of appellate counsel.  *See Walker,* 933 P.2d at 341 (Lumpkin, J., Concurring in Result).  However, I yield to the majority here based on *stare decisis.*  Having reviewed

Petitioner's application, together with the argument and authority provided, in accordance with the criteria set forth in *Braun,* 937 P.2d at 511–514, I find counsel's performance was not deficient and the underlying substantive claim is procedurally barred.  In addition, it should be noted the criteria set forth in *Strickland* for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

As we stated in *Turrentine v. State*, 1998 OK CR 44, ¶ 12, 965 P.2d 985:

> That post-conviction counsel raises the claims in a different posture than that raised on direct appeal is not grounds for reasserting the claims under the guise of ineffective assistance of appellate counsel. The doctrine of *res judicata* does not allow the subdividing of an issue as a vehicle to relitigate at a different stage of the appellate process.... Just because post-conviction counsel has the benefit of reviewing appellate counsel's brief on direct appeal, and with the benefit of hindsight, envisions a new method of presenting the arguments is not a legal basis for disregard of the procedural bar. In other words, "post-conviction review does not afford defendants the opportunity to reassert claims in hopes that further argument alone may change the outcome in different proceedings." *Trice v. State*, 912 P.2d 349, 353 (Okl.Cr.1996). *See also Hooks v. State*, 902 P.2d 1120, 1124 (Okl.Cr.1995).

¶ 20 Having reviewed Petitioner's claims, we cannot find that appellate counsel's failure to raise the claims as raised by post-conviction counsel rendered his performance unreasonable under prevailing professional norms. It has not been shown that appellate counsel breached a duty owed to Petitioner, or that appellate counsel's judgment was "unreasonable under the circumstances or did not fall within the wide range of professional assistance" owed to a client by an attorney. *Walker*, 933 P.2d at 337. Further, Petitioner has failed to show any external impediment which precluded counsel from raising the issues. *Conover*, 942 P.2d at 233. Therefore, as Petitioner has not established that appellate counsel's performance was deficient, his claim of ineffective assistance of appellate counsel has no merit and his substantive claim remains procedurally barred.

■ ¶ 21 In an additional argument, Petitioner asserts that as trial counsel and appellate counsel were one in the same, they could not raise an effective ineffective assistance of counsel claim on direct appeal as it would have been contradictory to their own interests. Petitioner argues this Court should not bar his claim of ineffective assis-

tance of counsel under the holding of *Neill v. State*, 943 P.2d 145, 147–148 (Okl.Cr.1997), as the requirement of raising one's own ineffectiveness on appeal is "impossible to satisfy." In *Neill*, we found that under 22 O.S.Supp. 1995, § 1089(D)(4)(b)(1), the fact that trial and appellate counsel may be one in the same did not excuse appellate counsel from raising a claim of ineffective assistance of counsel on direct appeal. This Court has consistently rejected attacks on the constitutional validity of the post-conviction procedures and has shown that the procedures concerning claims of ineffective assistance are similar to the approach taken by the federal courts when considering issues of procedural default on habeas review. *Braun*, 937 P.2d at 511–512. Claims of an attorney's own ineffectiveness are raised frequently before this Court. In fact, Petitioner's direct appeal counsel, who also jointly represented Petitioner at trial, raised the claim of ineffective assistance of trial counsel on direct appeal. The frequency with which such claims of ineffectiveness have been raised has caused this Court to state "[w]hen a criminal defense attorney attests to his or her own ineffectiveness in an effort to obtain relief for a capital post-conviction applicant, that affidavit will be thoroughly scrutinized and will rarely, if ever, be solely relied upon to support an allegation of deficient performance." *Walker*, 933 P.2d at 336. *See also Scott*, 942 P.2d at 759–760. To prevail on a claim based upon one's own ineffectiveness has been made difficult but not impossible. Therefore, having thoroughly reviewed Petitioner's argument, we find he has failed to persuade us to reconsider the issue at this time.

■ ¶ 22 In Proposition VI Petitioner argues that to the extent this Court applies procedural bar to any claim raised in his post-conviction application, an evidentiary hearing should be permitted to grant further investigation on the following issues: 1) adequacy of direct appeal counsel's extra-record investigation; 2) adequacy of resources for such investigation at the time of the direct appeal; and 3) the extent to which the rules and procedures of this Court at the time of the direct appeal were adequate to: a) ap-

prise direct appeal counsel of the necessity of extra-record investigation to avoid procedural default of claims; and b) the availability of investigative resources and procedures which would permit the presentation of extra-record evidence in connection with direct appeal proceedings. Basically, Petitioner asserts that trial/appellate counsel were never on notice that extra-record investigation would be required to avoid procedural default of any and all claims concerning the ineffectiveness of trial counsel. Therefore, Petitioner requests a "full and fair evidentiary hearing" be conducted to explore the issues concerning this Court's determination that ineffectiveness of trial/appellate counsel claims based on available extra-record facts must be brought on direct appeal or are consequently barred under Section 1089. (Addendum A. Argument and Authorities in Support of Verified Original Application for Post–Conviction Relief, pg. 32).

¶ 23 The requirements for evidentiary hearings in post-conviction proceedings are set forth in Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (1996). Rule 9.7(D)(5) provides:

(5) A request for an evidentiary hearing is commenced by filing an application for an evidentiary hearing, together with affidavits setting out those items alleged to be necessary for disposition of the issue petitioner is advancing. The application for hearing and affidavits submitted by the petitioner shall be cross-referenced to support the statement of specific facts required in the application for post-conviction relief. *See* Section 1089(C)(2) of Title 22. The application for an evidentiary hearing shall be filed together with the application for post-conviction relief. *See* Section 1089(D)(2) of Title 22. **The appli-**

cation for hearing and affidavits must contain sufficient information to show this Court by clear and convincing evidence the materials sought to be introduced have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief. (emphasis added).

■ ¶ 24 Here, Petitioner has not set forth sufficient information to show this Court by clear and convincing evidence the materials concerning direct appeal counsel's representation have or are likely to have support in law and fact to be relevant to an allegation raised in the application for post-conviction relief. Rather he seeks an evidentiary hearing to determine the effects on his case of a procedural change in the law.[8] The evidentiary hearing allowed pursuant to our rules is for the purpose of supplementing the appellate record with evidence already discovered. It is not a discovery procedure. Petitioner has the responsibility to come forward with evidence that meets the requirements of our rules, not speculation on what might be able to be presented at a later date. Under Rule 9.7(D)(5), Petitioner's request is not an appropriate issue for an evidentiary hearing. *See also Bryan v. State*, 948 P.2d 1230, 1235 (Okl.Cr.1997). Accordingly, Proposition VI is denied.

■ ¶ 25 Petitioner claims in Proposition VII that Oklahoma's clemency scheme, as currently applied, denies death sentenced petitioners due process. This proposition is not properly raised under the post-conviction statute and we do not consider it. 22 O.S.Supp.1995, § 1089. *See also Gilbert v. State*, 955 P.2d 727, 733 (Okl.Cr.1998).

---

**8.** Petitioner's argument raises the claim of a procedural change in the law. However, he fails to note that at this stage of the appellate process the Court has consistently applied the rules of res judicata and waiver, both prior to the 1995 amendment of the Capital Post–Conviction Relief statutes and since its enactment. *See Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991); *Cargle v. State*, 947 P.2d 584 (Okl.Cr.1997). Further, Petitioner asserts that "post-conviction petitioners are apparently now to bear the procedural penalties wrought by a fairly persuasive past understanding by direct appeal attorneys that extra

record materials, and investigation which might produce such materials, were not welcome on direct appeal. Such an understanding clearly reflected the law governing direct appeals at the time Petitioner's counsel filed his brief in the instant case." (Addendum A, Argument and Authorities in Support of Verified Original Application for Post–Conviction Relief, pg. 35) This argument, which mischaracterizes the practices and procedures of this Court, has recently been addressed and rejected in *Gilbert v. State*, 955 P.2d at 732, n. 3.

■ ¶ 26 In Proposition VIII Petitioner raises claims of juror misconduct. Specifically he asserts that two jurors failed to honestly answer questions during voir dire which would have provided a basis for a challenge for cause. These claims were not raised on direct appeal but could have been. Therefore, further consideration on the merits is barred by waiver.

■ ¶ 27 In Proposition IX, Petitioner argues the cumulative effect of errors at trial and on appeal created error of constitutional dimensions which deprived him of his rights under the Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Reviewing our resolutions of Petitioner's propositions of error we find that Propositions I, II and III were each barred in part by waiver and in part by *res judicata.* Propositions IV, VI, and VII were denied, Proposition V was barred in part by *res judictada* and denied in part; and Proposition VIII was barred by waiver. Therefore, as we find no cumulative error, Proposition IX is denied. *See Mitchell,* 934 P.2d at 351.

¶ 28 In a final Request for Relief, Petitioner requests this Court to a) require Respondent to file a response to the application, pursuant to 22 O.S.1991, § 1083, specifically admitting or denying the factual allegations of this application; b) permit Petitioner by counsel to file a reply to Respondent's response, responding to any affirmative defenses raised by the response; c) permit Petitioner to utilize the processes of discovery set forth in 12 O.S.Supp.1989, § 3224–3, to the extent necessary to fully develop and identify facts supporting this Application and any defenses raised by Respondent's response; d) remand this case for an evidentiary hearing, after appropriate discovery, to resolve any factual disputes raised by Respondent's response; e) permit Petitioner 90 days within which to supplement this Application with affidavits and other materials not available to Petitioner at the time the Application was filed; f) permit Petitioner to amend this Application at any time prior to entry of judgment, to include any additional allegations, claims or material facts not presently available to him and which become available through investigation, discovery

and proceedings on this Application; g) vacate and set aside the judgment and sentence in this case, and resentence him to less than death, or grant a new trial, or modify his death sentence to less than death; h) order Respondent to release Petitioner from custody, unless he is given a new trial, or new proceedings are conducted to cure constitutional defects in the trial court proceedings resulting in the death sentence; and i) grant Petitioner such further and additional relief as may be just and equitable.

■ ¶ 29 Pursuant to this Court's authority under 22 O.S.Supp.1995, § 1089(D)(3), a response was requested and filed by Respondent. As for Petitioner's discovery requests, this same allegation was considered and rejected in *Gilbert,* 955 P.2d at 734. Therein we said this Court has never allowed unfettered discovery in post-conviction proceedings, and the new Act does not broaden discovery rights. *Id.* at 734 citing *Walker,* 933 P.2d at 340. Here, Petitioner has failed to show this Court why additional discovery is necessary. The victims in this case were murdered in July 1991. Grand Jury proceedings were held November 1991 through January 1992, Petitioner was charged with two counts of first degree murder in May 1992, trial was held May through June 1994, the petition in error was filed in June 1995 and his direct appeal brief was filed July 1996. Approximately four years elapsed from the date Petitioner was charged to the filing of his direct appeal brief. This period of time was more than sufficient to complete investigation and discovery for both trial and direct appeal. At this stage, Petitioner has the responsibility to present facts, not speculation warranting further discovery. The application for post-conviction relief is a collateral attack on an already determined valid judgment and sentence. He has failed to present us with additional facts which bring into question the validity of the judgment and sentence in this case. Accordingly, his requests for additional discovery are denied

### DECISION

¶ 30 After carefully reviewing Petitioner's Application for post-conviction relief, we

conclude: (1) there exists no controverted, previously unresolved factual issues material to the legality of Petitioner's confinement; (2) Petitioner could have previously raised collaterally asserted grounds for review; (3) grounds for review which are properly presented have no merit; and (4) the current post-conviction statutes warrant no relief. 22 O.S.Supp.1995, § 1089(D)(4)(a)(1), (2) & (3). Accordingly, Petitioner's Application for Post–Conviction Relief is **DENIED.**

CHAPEL, P.J., STRUBHAR, V.P.J., and LANE, J., concur in results.

JOHNSON, J., recuse.

LANE, Judge, concur in results:

¶ 1  I concur in results by reason of *stare decisis.* I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State,* 1997 OK CR 39 ¶¶ 1–5, 942 P.2d 229, 234–35, (Lane, J., concur in result).